# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| **Sarah A. Mullins and** | ) | |
| **Charles R. Mullins,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **C.A. No.: N18C-11-078 FJJ** |
| v. | ) | |
| | ) | |
| **Bruce M. Ascetta and** | ) | |
| **Carla S.M. Ascetta,** | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 11, 2021
Decided: February 3, 2021

## MEMORANDUM OPINION ON PRETRIAL ISSUES

*Donald L Gouge, Jr., Esquire,* Donald L. Gouge, Jr., LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

*Steven Schwartz, Esquire,* Schwartz & Schwartz, P.A., Wilmington, Delaware, *Attorneys for Defendant*

**Jones, J.**

A bench trial in the above matter is scheduled for April 5, 2021. The parties have submitted a number of legal issues for the Court's consideration before trial. This is the Court's decision on those issues.

This case arises out of a sale of a home located at 1059 Windrow Way, Magnolia, Delaware (the "property.") In November 2012 the Defendants in this case, Bruce M. Ascetta and Carla Ascetta (the "Ascettas" or "Sellers"), entered into an Agreement of Sale with K. Hovnanian ("K.Hov") in which K.Hov agreed to build the Ascettas a home located at 1059 Windrow Way. The purchase price was $248,575. The contract between the Ascettas and K.Hov provided that the Ascettas were to receive K.Hov's standard Home Builder's Limited Warranty. The Ascettas closed on the house with the builder on April 16, 2013.

On November 14, 2017 the Ascettas sold the home to the Plaintiffs, Sarah A. Mullin and Charles R. Mullin (the "Mullins" or "Buyers.") The contract between the parties provided that the Seller's Disclosure of Real Property Condition Report was an Addendum. The Seller's Disclosure itself on its first page recited: "This report, signed by the Buyer and Seller, shall become a part of the agreement of Sale". The parties went to settlement on December 15, 2017. More than a year later the Home Builder's Limited Warranty was transferred to the Mullins.

The dispute between the parties in this case is an allegation that the Sellers were aware of certain defects in the property and those defects were not disclosed to the Buyers. The Buyers have asserted a number of different legal theories for

2

recovery. Count I of the Complaint alleges a breach of contract. Count II of the Complaint is based on Fraud/Misrepresentation. Count III of the complaint sounds in Negligent Misrepresentation. Finally, Count IV in the Complaint alleges a breach of the Implied Covenant of Good Faith and Fair Dealing.

Defendants have moved to dismiss Counts II (Fraud/Misrepresentation) and Count III (Negligent Misrepresentation). Defendant contends that both Counts II and III are barred by the economic loss doctrine.[1] In addition, Defendants allege that this Court lacks jurisdiction over the Negligent Misrepresentation claim in Count III.[2] Plaintiffs have agreed that the economic loss claim bars Counts II and III and that this Court does not have jurisdiction over the Negligent Misrepresentation claim in Count III. Having reached an agreement that these claims cannot be pursued, the parties now dispute whether I should dismiss these claims with or without prejudice. Plaintiffs want the right to pursue the Negligent Misrepresentation claim in the Court of Chancery, and the Defendants do not want the Plaintiffs to be able to do so. The Defendant also maintains that a dismissal with prejudice impacts on the question of costs and attorney's fees that will be awarded following the verdict. I am not convinced that it is proper for me to dismiss this claim on the merits given that the case has not proceeded to trial. At this point, Counts II and III will be dismissed without prejudice. By dismissing the claims without prejudice, I am not foreclosing

---

[1] *CB Lewes, L.L.C. v. Brightfields, Inc.,* 2020 WL 6364521 (Del. Super).
[2] *Affy Tapple, LLC v. ShopVisible., LLC and Aptos Inc.,* 2019 WL 1324500 (Del. Super).

3

an application for costs and attorney's fees for the two claims at the conclusion of this matter, depending on the outcome of the trial.

Count I of the Complaint is a breach of contract claim that is based in part on the Delaware Buyer Protection Act of 6 *Del. C.* §2572. In Delaware, "a seller transferring residential real property shall disclose, in writing, to the buyer all material defects of that property that are known at the time the property is offered for sale or that are known prior to the time of the final settlement."[3] It is important to note that oral disclosures, while undoubtedly helpful, do not relieve the seller of residential real estate from their statutory duty to disclose all known material defects to the buyer in writing.[4] Moreover, the seller has a continuing duty to update the disclosure form to reflect any material changes up to the date of final settlement.[5] The required seller's disclosure is intended to be a good faith effort by the seller to disclose known defects, and is not a substitute for warranties or inspections.[6] This requirement was further intended to eliminate the doctrine of "caveat emptor", or "let the buyer beware" from resident real estate sales in Delaware.[7] Once the seller's disclosure form is signed by both the seller and buyer, the form becomes part of the residential real estate sale contract.[8] As such, a seller's failure to disclose any known material defects qualifies as a breach of the real estate contract by the seller.[9]

---

[3] 6 *Del.C.* §2572(a)).
[4] *Shaun D. McCoy v. William Dana Cox and Joanna L. Cox,* 2007 WL 1677536, 4 (Del. Super., June 4, 2007).
[5] 6 *Del. C.* §2572(b).
[6] 6 *Del C.* §2574
[7] *Michael Iacono v. Rosemary Barici, et al.,* 2006 WL 3844298, at *4 (Del. Super., Dec 29, 2006).
[8] *McCoy v. Cox,* 2007 WL 1677536 (Del. Super. June 4, 2007)
[9] *Id.*

4

In a civil action for breach of contract, the burden of proof is on the plaintiff to prove the claim by a preponderance of the evidence.[10] To prove a claim for breach of contract the plaintiff must establish: (1) the existence of a contract; (2) the defendant breached an obligation imposed by the contract; and (3) resulting damages to the plaintiff. As a default rule, damages are based on the reasonable expectation of the parties at the time they entered into their contract. Expectation damages are measured by the amount of money that would place the non-breaching party in the same position as if the breaching party had fully performed the contract.[11] Moreover, a party has a duty to mitigate his/her damages.[12]

The pretrial issue as to the breach of contract claim relates to the homeowners' limited warranty. When the Defendants purchased the home from the builder, they received a 10 year limited home warranty. While the contract documents between the Ascettas and the builder did not specify a price for the warranty, it was clearly part of the home "package" that they bought and paid for. The home warranty was eventually transferred to the Mullins. Certain of Plaintiffs' damages are apparently covered under the homeowners warranty. The Ascettas have requested that the Plaintiffs not be permitted to recover any damages for those items covered by the warranty in the event that the Defendants are found liable. According to the

---

[10] *Id.*

[11] *Richard G. Frunzi v. Paoli Services, Inc.,* 2012 WL2691164 (Del. Super. 2012).

[12] *John Petroleum, Inc. v. Charles G. Parks, Jr.,* 2010 WL 3103391 (Del. Super. 2010).

Defendants this would constitute a double recovery. The Plaintiffs oppose this request.

To permit the plaintiffs to recover damages for items that are covered by the warranty would violate the reasonable expectations doctrine and would put Plaintiffs in a better position than they would be if the Ascettas had fully performed the contract. Plaintiffs' argument is also inconsistent with the duty to mitigate doctrine. As such, the Court agrees that Plaintiffs may not recover damages that are covered by the homeowners warranty.[13]

Next, Defendants have moved to dismiss Count IV of the Plaintiffs' Complaint which alleges a breach of the Implied Covenant of Good Faith and Fair Dealing. In Delaware, the implied covenant of good faith and fair dealing requires parties to a contract "to refrain from arbitrary or unreasonable conduct" which deprives a party "from receiving the fruits of a bargain". To state a claim for breach of the implied covenant, a plaintiff must allege: (1) a specific implied contractual obligation: (2) a breach of that obligation: (3) resulting damages. Importantly, the covenant "seeks to enforce the parties contractual bargain by implying only those terms that the parties would have agreed to during their original negotiations if they had thought to address them.[14] In other words, the covenant is "invoked only 'when

---

[13] The parties spent some effort in the briefing discussing the collateral source doctrine and its applicability to this case. The parties ultimately agreed that the collateral source doctrine does not apply in a contract action. As this case is now an action based on a contract claim (and no tort claims), the collateral source doctrine does not apply.
[14] *Collab9 LLC v. En Pointe Techs, Sales LLC*, 2019 WL 4454412 (Del Super., 2019); *John MARKOW, Paul Nee, and Carol Lahiff, individually and on behalf of others similarly situated v. Synageva Biophama Corp.* 2016 WL 1613419 (Del Super., March 3, 2016).

6

the contract is truly silent with respect to the matter at hand, and … when … the expectations of the parties were so fundamental that it is clear that did not feel a need to negotiate about them."[15] This Court has characterized the covenant "as a judicial tool used to imply terms in a contract that protect the reasonable expectation of the parties."[16] If applicable, the Court must engage in a fact-intensive inquiry on fairness.[17]

In *McCoy v. Cox*,[18] this Court applied the covenant to an alleged breach of the implied covenant based on alleged omissions in a seller's disclosure form. *McCoy* held that the covenant applied to a seller's disclosure form because the covenant "arises in relation to the enforcement of contractual conditions when one party has the sole discretion to determine the scope or occurrence of a condition".[19] Given this clear line of authority, I will not dismiss Plaintiff's implied covenant claim at this point. I will await trial and will decide whether Count IV has any place in this case after hearing the evidence.

The Court instructed the parties to brief the 6 legal issues outlined by the Defendants in the pretrial stipulation. The briefing did not cover the following issues raised by Defendants in the pretrial stipulation:

> 1. whether the transaction at issue is covered by 6 *Del. C.* §2577 in that a trust was involved:

---

[15] *Hasan Krushaim v. Tullow, Inc. d/b/a Appostrophic, Appostrophic LLC, Outreach Global, Ltd., and Nathan Gibson*, 2016 WL 3594752, at 4 (Del Super., June 27, 2016).

[16] *The Chemours Co. TT, LLC v. ATI Titanium LLC*, 2016 WL 4054936 (Del. Super. July 27, 2016).

[17] *Krushaim*, 2016 WL 3594752, at 4.

[18] 2007 WL 1677536 (Del Super. June 11, 2007; see also *Kenneth & Clasina Dreisbach v. Robert T. & Martina L. Walton*, 2014 WL 4352100 (Del. Super. Aug 29, 2014)

[19] *Id.*

2. whether the Defendants in their individual capacities have a duty under Section 2572 and 2573 of the Delaware Buyer Protection Act; and

3. whether the breach of contract claimed is barred by the doctrine of merger by deed and 6 *Del. C.* §2574.

Defendants did not brief any of these issues. Plaintiffs contend that by failing to brief the issues Defendants have abandoned and/or waived these arguments. In their reply brief, the Defendants have advised the Court that they will not raise items (1) and (2) above as defenses. The Court therefore considers these two issues waived.

Is the breach of contract claim barred by the doctrine of merger by deed and 6 *Del. C.* §2574? The merger doctrine is only applicable to questions of title, quantity and land use.[20] It does not apply to claims under the Builders Protection Act nor breaches of contract claims like the instant one.[21] To reach a contrary result would render 6 *Del. C.* §2572 meaningless as no claims would ever survive the final date of the real estate settlement. Therefore, the Court finds that the breach of contract claim is not barred by 6 Del. C. §2574 and/or the doctrine of merger and deed.

**IT IS SO ORDERED**.

Francis J. Jones, Judge

cc:    File&ServeXpress

---

[20] *John Ellixson and Gretchen Ellixson v. Gary O'Shea and Lynn O'Shea*, 2003 WL 22931339 (Del. Ct. Cm. Pleas, November 20, 2003 citing *Victor B. Clarke v. Barbara L. Quist and Q-C, Inc.*, 560 A.2d 489 (table (Del. 1989) citing *Allied Builders, Inc. v. A. R. Heffron, Jr., and Loretta F. Heffron*, 397 A.2d 550, 5520553 (Del 1979).

[21] *Id.*

8